

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2007

# Perez v. Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Perez v. Samuels" (2007). *2007 Decisions.* Paper 135.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-23                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3181
_____

AUGUSTINE PEREZ,
                              Appellant

v.

CHARLES E. SAMUELS, JR., Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-2485)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2007
Before:  MCKEE, RENDELL and SMITH, <u>Circuit Judges</u>

(Opinion filed:  December 5, 2007)
_____

OPINION
_____

PER CURIAM

       Augustine Perez appeals the District Court's order dismissing his petition filed

pursuant to 28 U.S.C. § 2241.  The history of Perez's conviction and post-conviction

proceedings are well known to the parties, set forth in the District Court's thorough

opinion, and need not be discussed at length.  Briefly, the District Court for the Western

District of Virginia sentenced Perez to 326 months in prison after he was convicted of drug and firearm charges. He unsuccessfully challenged his conviction and sentence on direct appeal, in a § 2255 motion, and in a prior § 2241 petition. Perez then filed the instant § 2241 petition. The District Court dismissed the petition for lack of jurisdiction, and Perez filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a §2255 motion would be "inadequate or ineffective." Id. In Cradle, we explained that

> a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Id. at 538-39 (citations omitted).

Perez raised his current claims of denial of choice of counsel, actual innocence of using or carrying a firearm, actual innocence based on recanted and perjured testimony, and a violation of double jeopardy in his prior § 2241 petition. We affirmed the District Court's dismissal of that petition and will not address those claims again.

Because Perez seeks to challenge his sentence and has not shown that § 2255 is

2

inadequate or ineffective, he may not proceed under § 2241. Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.